**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 16-4175**

─────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MARKUS ODON MCCORMICK,

               Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00320-BO-1)

─────────

Submitted: October 7, 2016        Decided: October 24, 2016

─────────

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markus Odon McCormick appeals from the district court's judgment revoking his supervised release and sentencing him to 50 months' imprisonment. McCormick argues on appeal that this sentence is plainly unreasonable because it is greater than necessary to achieve the purposes of sentencing. We affirm.

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" United States v. Padgett, 788 F.3d 370, 373 (4th Cir.) (quoting United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006)), cert. denied, 136 S. Ct. 494 (2015). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). In making such a determination, "we strike a more deferential appellate posture than we do when reviewing original sentences." Padgett, 788 F.3d at 373 (internal quotation marks omitted). "Nonetheless, the same procedural and substantive considerations that guide our review of original sentences inform our review of revocation sentences as well." Id. (internal quotation marks and alteration omitted).

A supervised release revocation sentence is procedurally reasonable if the district court has considered the Sentencing Guidelines' Chapter Seven advisory policy statement range and

2

the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case, see 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439-40, and has adequately explained the sentence chosen, although it need not explain the sentence in as much detail as when imposing an original sentence. Thompson, 595 F.3d at 547. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we find a revocation sentence unreasonable must we decide whether it is "plainly" so. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

We reject McCormick's contention that his sentence is greater than necessary to achieve the purposes of sentencing in his case. It essentially asks this court to substitute its judgment for that of the district court. While this court may have weighed relevant § 3553(a) factors differently had it imposed the revocation sentence, we defer to the district court's decision that an above-policy statement range sentence of 50 months' imprisonment achieved the purposes of sentencing in McCormick's case. See Gall v. United States, 552 U.S. 38, 51 (2007) (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a)

3

factors, on a whole, justify" the sentence imposed).  In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, see United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), and the deferential posture we take in reviewing the imposition of a revocation sentence, Padgett, 788 F.3d at 373, McCormick fails to establish that his 50-month prison term is substantively unreasonable.*

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

\* Near the end of his brief, McCormick appears to raise procedural challenges to the 50-month sentence, arguing that the district court failed to address his arguments in mitigation and failed to explain adequately why the 50-month sentence was sufficient.  We reject these challenges.  McCormick does not specify what was inadequate about the district court's explanation of the sentence.  Further, the district court's order detailing its reasons for imposing the sentence and its comments at the revocation hearing make clear that it considered both McCormick's allocution and the arguments of McCormick's counsel in support of continued supervision.  The court viewed McCormick's allocution as having a "negative value" for McCormick and found that counsel's arguments did not outweigh the considerations that supported imposition of the 50-month sentence.